UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. SHERVEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Civil Action No. 1:23-cv-02977 (UNA) |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of the Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Plaintiff sues the United States pursuant to 50 U.S.C § 3146(f), and contends that, in November 2019, he reported a pornographic video to the Department of Justice ("DOJ") and the Central Intelligence Agency ("CIA"). ECF No. 1 at 2. He further alleges that, as a result, the DOJ and the CIA "placed [him] into a classified mind-control program," and that he "is unable to sue the United States for violating his rights in the mind-control program" because the courts have dismissed his lawsuits as frivolous. *Id.* He also alleges that several federal agencies—including the CIA, the Office of the Director of National Intelligence, the National Reconnaissance Office, and the National Security Agency—are intentionally withholding classified records that "could prove that they have an illegal mind-control program" in place. *Id.* He asserts that he has unsuccessfully requested these alleged mind-control records under the Privacy Act and the Freedom of Information Act. *Id.* He asks this Court to order these agencies to release "all records on the mind-control program that he was placed into." *Id.* at 3.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

This Court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit . . . .'" (cleaned up)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  Therefore, the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1308.  The instant complaint falls squarely into this category.  In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is frivolous on its face.

Further, Plaintiff's complaint does not contain sufficient facts to state a claim.  FOIA and Privacy Act jurisdiction extends to claims, *inter alia*, arising from agency's improper withholding of records requested in accordance with agency rules.  *See* 5 U.S.C. §§ 552, 552a; *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983).  An "agency's disclosure obligations are triggered by its receipt of a request that reasonably describes the requested records and is made in accordance

with published rules stating the time, place, fees (if any), and procedures to be followed." *Marcusse v. U.S. Dep't of Just. Off. of Info. Pol'y*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (cleaned up), *aff'd*, No. 14-5073, 2015 WL 1606930 (D.C. Cir. Mar. 24, 2015) (per curiam). Here, Plaintiff neither attaches a copy of the actual requests submitted nor references a FOIA or Privacy Act request number. Indeed, the complaint is devoid of *any* details regarding these purported requests beyond the Plaintiff's broad interest in exposing the federal government's alleged mind-control program. Absent this information, the complaint does not state a plausible claim.

Consequently, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: November 22, 2023

/s/_____
ANA C. REYES
United States District Judge